Patricia Kirtley Wells (#013905)
Kirtley Wells Law Office
4742 N. 24th Street, Suite 300
Phoenix, Arizona 85016
Telephone:  (602) 264-7424
E-Mail: tk@kwlolaw.com
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Heffernan,<br><br>            Plaintiff,<br><br>      v.<br><br>Pinnacle Health Facilities XXVI, LP d/b/a/<br>Sun City Health and Rehabilitation Center,<br><br>            Defendant. | **FIRST AMENDED COMPLAINT**<br><br><br>**(Jury Trial Requested)** |

Plaintiff James Heffernan files his claim for relief against Defendant and alleges:

**Nature of this Action**

1.      This is an action for relief from defendant's violations of plaintiff's civil rights. These violations include:  wrongful and willful interference with plaintiff's right to take family/medical leave under the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et seq.*, retaliation in violation of the FMLA including wrongful termination.

2.      This is also an action under Title I of the Americans with Disabilities Act of 1990 as amended by the ADA Amendments Act of 2008 and Title I of the Civil Rights Act of 1991 ("ADA") to correct unlawful employment practices on the basis of disability and/or perceived disability and to provide appropriate relief to James Heffernan.  As stated with greater particularity below.

Kirtley Wells Law Office
4742 N. 24th Street, Suite 300
Phoenix, Arizona 85016
(602) 264-7424

**Jurisdiction and Venue**

3.     This Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.

4.     This Court has supplemental jurisdiction over the related state law claim pursuant to 28 U.S.C. § 1367(a).  Plaintiff's intentional infliction of emotional distress claim shares common operative facts.  Resolving the state and federal claims in a single action serves the interests of judicial economy, convenience and fairness to the parties.

5.     Venue is proper in the United States District Court of Arizona pursuant to 28 U.S.C. § 1391(b), because the events giving rise to plaintiff's claims occurred in this District.

**Parties**

6.     Plaintiff James Heffernan ("James" or "Plaintiff") is a U.S. citizen and a resident of Maricopa County in this Judicial District.

7.     Plaintiff is an "eligible employee" within the meaning of the FMLA, in that he was employed by Defendant for approximately two years and worked more than 1,250 hours in the year preceding his request for FMLA leave.

8.     Plaintiff James Heffernan is a disabled individual pursuant to the Americans with Disabilities Act of 1990 as amended by the ADA Amendments Act of 2008 and Title I of the Civil Rights Act of 1991 ("ADA")

9.     James's disability constitutes a disability under the ADA because amongst other things he suffers from "chronic inflammatory demyelinating polyradiculoneuropathy" ("CIDP"), a rare neurological disorder that targets the body's nerves and is characterized by progressive weakness and impaired sensory function in the legs and arms.  CIDP renders James substantially limited in several major life activities including but not limited to walking, standing, running and lifting.

10.     James is a qualified individual with a disability within the meaning of the ADA because he is otherwise qualified for his position with Defendant and was able to perform the essential functions of his position with or without reasonable accommodation.

Kirtley Wells Law Office
4742 N. 24th Street, Suite 300
Phoenix, Arizona 85016
(602) 264-7424

11.     James is a qualified individual with a disability because he has a record of disability within the meaning of the ADA.

12.     At all relevant time James suffered from a "serious health condition" within the meaning of the FMLA because he required inpatient care.  29 U.S.C. § 2611(11)(A); 29 C.F.R. § 825.114(a)(1) (1995).

13.     At all relevant time James suffered from a "serious health condition within the meaning of the FMLA because his condition resulted in a period of incapacity of more than three consecutive calendar days that required treatment two or more times by a health care provider.  29 C.F.R. § 825.114(a)(2)(i) (1995),

14.     At all relevant time James suffered from a "serious health condition" within the meaning of the FMLA because his condition resulted in a period of incapacity or treatment for such incapacity due to a chronic serious health condition.  29 U.S.C. §2611(11); 29 C.F.R., § 825.114(a)(2)(iii) (1995).

15.     At all relevant times James suffered from a "serious health condition" within the meaning of the FMLA because his condition resulted in the need for multiple treatments by a health care provider for a condition that would likely result in a period of incapacity of more than three consecutive calendar days in the absence of medical intervention or treatment.  29 U.S.C. § 2611(11); 29 C.F.R. § 825.114(a)(2)(v) (1995).

16.     At all relevant times Pinnacle Health Facilities XXVI, LP d/b/a/ Sun City Health and Rehabilitation Center ("Sun City Health" or "Defendant") was doing business in Maricopa County, Arizona.

17.     Defendant Sun City Health and Rehabilitation Center was an employer covered by the FMLA in that at all times relevant it employed, at least 50 employees at the location where the relevant events took place.

18.     Defendant has engaged in unlawful employment practices in violation of the ADA because of James's disability and/or perceived disability, including but not limited to, discriminating against James in the terms and conditions of his employment and terminating his employment because of his disability.

19.    The effect of the practices complained of herein above has been to deprive James Heffernan of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability and/or perceived disability.

20.    The unlawful employment practices complained of above were intentional.

21.    More than one hundred and eighty days (180) days prior to the institution of this lawsuit, James filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging Defendant discriminated against him because of his disability and or perceived disability.

22.    All conditions precedent to the institution of this lawsuit has been fulfilled.

**Facts**

23.    Plaintiff began working at Sun City Health on or about August 15, 2016 and was subsequently promoted to Director of Nursing.

24.    On or about July 16, 2018 James notified Defendant that he required time off from work pursuant to the FMLA as a result of his disability.

25.    James Heffernan was terminated because he requested time off from work pursuant to the FMLA and ADA.

26.    Plaintiff has suffered considerable emotional distress over the loss of his job.

27.    Plaintiff had at all times duly performed all of the conditions of his employment until he was prevented from doing so by Defendant.

28.    The conduct of Defendant described above was at all times intentional, in reckless disregard of James' federally protected rights and with an evil mind.

29.    The conduct was at all times intended to deprive James of his rights, and was carried out with a willful and conscious disregard of James's legal rights.

30.  Said conduct has in fact caused James injury and emotional distress and continues to do so.

**Count I**
**FMLA - Interference**

31.    Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the paragraphs above.

Kirtley Wells Law Office
4742 N. 24ᵗʰ Street, Suite 300
Phoenix, Arizona 85016
(602) 264-7424

- 4 -

Kirtley Wells Law Office
4742 N. 24ᵗʰ Street, Suite 300
Phoenix, Arizona 85016
(602) 264-7424

32.     The FMLA provides that eligible employees are entitled to take up to twelve weeks of leave in any twelve-month period to care for treatment of a serious health condition.  29 U.S.C. § 2612(a); 29 C.F.R. § 825.100(a).  During such a leave, the employer is required to maintain the employee's health benefits.  29 U.S.C. § 2614(c)(1); 29 C.F.R. § 825.100(b).  Upon return from such a leave, the employee is entitled to be restored to the same or an equivalent position that the employee held when the leave commenced.  29 U.S.C. § 2614(a); 29 C.F.R. § 825.100(c).

33.     The FMLA also provides that "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise any right provided under this subchapter [of the FMLA]."  29 U.S.C. § 2615(a)(1).

34.     Defendant willfully interfered with, restrained, and/or denied James's exercise of his right to FMLA leave after he provided Defendant with notice of his need for leave by fabricating a reason to terminate his employment because he took leave pursuant to the FMLA.

35.     As a direct and proximate result of Defendant's willful, intentional, malicious, and unlawful termination of his employment, James lost his salary, employment benefits, and other compensation, in amounts to be proven at trial.

36.     As a result of Defendant's unlawful actions, which were not in good faith, plaintiff is entitled to liquidated damages under 29 U.S.C. §§ 2617(a)(1)(A)(iii), in an amount to be proven at trial.

<u>**Count II**</u>
**FMLA-Unlawful Discharge and Discrimination**

37.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs above.

38.     The FMLA provides that eligible employees are entitled to take up to twelve weeks of leave in any twelve-month period if they have a serious health condition.  29 U.S.C. § 2612(a)(1)(C); 29 C.F.R. § 825.100(a).  During such a leave, the employer is required to maintain the employee's health benefits.  29 U.S.C. § 2614(c)(1); 29 C.F.R. § 100(b).  Upon return from such a leave, the employee is entitled to be restored to the same

or an equivalent position that the employee held when the leave commenced.  29 U.S.C. § 2614(a); 29 C.F.R. § 825.100(c).

39.     The FMLA provides that "[i]t shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter [of the FMLA]." 29 U.S.C. § 2615(a)(2).

40.     Defendant willfully terminated plaintiff when and because he exercised his right to FMLA leave.

41.     As a direct and proximate result of Defendant's willful, intentional, malicious, and unlawful termination of his employment, plaintiff lost his salary, employment benefits, and other compensation, in amounts to be proven at trial.

42.     As a result of Defendant's action, which were not in good faith, plaintiff is entitled to liquidated damages under 29 U.S.C. §§ 2617(a)(1)(A)(iii), in an amount to be proven at trial.

## Count II
## ADA Discrimination & Retaliation

43.     James Heffernan incorporates by reference each of the allegations set forth in the above paragraphs as though fully alleged herein.

44.     Defendant terminated James Heffernan because of his disability and/or perceived disability in violation of Title I of the ADA, Sections 102(a) and (b), and Title V of the ADA, Sections 503(a) and (b), 42 U.S.C. §§ 12112(a) and (b), and § 12203(a) and (b) by:

> (a) Discriminating against James and denying and interfering with his employment opportunities based on his disability and/or perceived disability; and

> (b) Retaliating against James by asserting he violated company policy regarding use of confidential passwords as a pretext to guise its unlawful discrimination.

48.     As a direct and proximate result of Defendant's unlawful conduct including termination of his employment, plaintiff lost his salary, employment benefits, and other compensation, in amounts to be proven at trial.

Kirtley Wells Law Office
4742 N. 24th Street, Suite 300
Phoenix, Arizona 85016
(602) 264-7424

Kirtley Wells Law Office
4742 N. 24th Street, Suite 300
Phoenix, Arizona 85016
(602) 264-7424

**Count III**
**Intentional Infliction of Emotional Distress**

45.     Plaintiff incorporates by reference each of the allegations set forth in the above paragraphs as though fully alleged herein.

46.     Defendant's conduct was in reckless disregard of the emotional distress, humiliation, anxiety, mental distress, pain and suffering, stress, and ordeal that Defendant knew and/or should have known would occur or was likely to occur as a result of its unlawful actions in terminating James' employment.

47.     The acts complained of above were extreme and outrageous as to go beyond all possible bounds of decency.

48.     As a direct and proximate result of Defendant's extreme and outrageous conduct, James Heffernan has been harmed in amounts to be proven at trial.

49.      As a direct and proximate result of the actions and inaction of Defendant as described herein, James Heffernan has suffered and continues to suffer damages including, but not limited to, consequential economic damages including but not limited to back pay and front pay, compensatory damages, benefits, pain and suffering, mental anguish, stress, distress, humiliation and loss of enjoyment of life.

50.   The effect of the practices complained of herein has been to deprive James Heffernan of equal employment opportunities and otherwise adversely affect his status as an employee because he exercise his rights under the FMLA and ADA.

51.   Defendant's conduct as outlined above was in reckless disregard and/or callous indifference of James's federally protected rights.

52.     James Heffernan is entitled to punitive damages as a result of Defendant's unlawful conduct as outlined above.

**Jury Demand**

Plaintiff demands trial by jury of all claims and causes of action so triable.

**Relief Requested**

WHEREFORE, plaintiff respectfully requests that this Court:

1.      Grant all injunctive relief necessary to bring Defendant into compliance with the FMLA and ADA;

2.      Grant such other injunctive relief as may be appropriate, including reinstatement of plaintiff and/or front pay;

3.      Order Defendant to pay plaintiff for the wages, salary, employment benefits, and other compensation denied or lost to plaintiff by reason of Defendant's violations of the FMLA and ADA in amounts to be proven at trial;

4.      Order Defendant to pay plaintiff for an additional amount as liquidated damages equal to the wages, salary, employment benefits, pension benefits, and other compensation denied or lost to plaintiff  by reason of Defendant's violations of the FMLA, in amounts to be proven at trial;

5.      Order Defendant to pay plaintiff compensatory damages for its intentional infliction of emotional distress in an amount to be proven at trial;

6.      Order Defendant to pay plaintiff exemplary and punitive damages;

7.      Order Defendant to pay plaintiff reasonable attorneys' fees, reasonable expert witness fees, and other costs of this action;

8.      Order Defendant to pay plaintiff interest on such damages as are appropriate, including pre- and post-judgment interest; and

9.      Grant such other and further relief as this Court may deem proper and just.

DATED this 2nd day of March, 2020.

Kirtley Wells Law Office
4742 N. 24th Street, Suite 300
Phoenix, Arizona 85016
(602) 264-7424

Kirtley Wells Law Office


By: /s/Patricia Kirtley Wells
Trisha Kirtley
4742 N. 24th Street, Suite 300
Phoenix, AZ 85016
*Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 2, 2020, I electronically transmitted the foregoing document to the Clerk's Office and defense using the ECF System for filing.


/s/Trisha Kirtley
_____
Trisha Kirtley

- 9 -