1  **WO**

2

3

4

5

6               **IN THE UNITED STATES DISTRICT COURT**

7               **FOR THE DISTRICT OF ARIZONA**

8

9   James Heffernan,                              No. CV-19-05708-PHX-MTL

10              Plaintiff,                          **ORDER**

11  v.

12  Pinnacle Health Facilities XXVI LP, et al.,

13              Defendants.

14

15          Before the Court is Plaintiff's Motion to Amend the First Amended Complaint

16  Pursuant to Rule 15(a). (Doc. 46.) Plaintiff James Heffernan moves to amend the First

17  Amended Complaint to remove his intentional infliction of emotional distress (IIED) claim

18  and any references to "physical or emotional injury beyond garden variety emotional

19  distress." (*Id*. at 2.) Defendant Pinnacle Health Facilities XXVI LP opposes the motion and

20  moves to dismiss the IIED claim under Rule 41.[1] (Docs. 49, 50.) For the following reasons,

21  Plaintiff's motion to amend is granted.[2]

22                                    **I.**

23          Plaintiff filed the initial Complaint on December 2, 2019, and the First Amended

24  Complaint on March 3, 2020. (Docs. 1, 8.) The First Amended Complaint asserts claims

25  under the Family Medical Leave Act (FMLA) and the Americans with Disabilities Act

26  (ADA), as well as the IIED claim. (Doc. 8 at 4–7.) The Scheduling Order in this case set

27  ---
[1] Defendant appears to have filed an identical document twice, at Docs. 49 and 50.
[2] Neither party has requested oral argument. Both parties have submitted legal memoranda
28  and oral argument would not have aided the Court's decisional process. *See Partridge v.
Reich*, 141 F.3d 920, 926 (9th Cir. 1998); *see also* LRCiv 7.2(f); Fed. R. Civ. P. 78(b).

1    the deadline to amend pleadings as June 22, 2020. (Doc. 14 at 2.) Plaintiff filed the present

2    motion on December 17, 2020. (Doc. 46.) The motion states that Plaintiff seeks to amend

3    the complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. Rule 15(a)(2)

4    provides that "[t]he court should freely give leave [to amend] when justice so requires."

5    Defendant argues, however, that because Plaintiff moves to amend after the deadline, the

6    present motion is governed by Rule 16(b), not 15(a).

7         Rule 16(b)(3)(A) requires a district court to include a deadline for amending

8    pleadings in its scheduling order. Fed. R. Civ. P. 16(b)(3)(A) ("The scheduling order must

9    limit the time to join other parties, amend the pleadings, complete discovery, and file

10   motions."). "Normally, attempts to amend complaints before the Federal Rule of Civil

11   Procedure 16 scheduling order's deadline are addressed under Rule 15." *AZ Holding,*

12   *L.L.C. v. Frederick*, No. CV-08-0276-PHX-LOA, 2009 WL 3063314, at *3 (D. Ariz. Sept.

13   22, 2009). But when "an amendment would require an extension of the scheduling order

14   deadlines, Rule 16's good-cause standard is considered first." *Id*. *See also Johnson v.*

15   *Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) (A "party seeking to amend

16   [a] pleading after date specified in scheduling order must first show 'good cause' for

17   amendment under Rule 16(b), then, if 'good cause' be shown, the party must demonstrate

18   that amendment was proper under Rule 15.") (citation omitted). Plaintiff does not dispute

19   that he filed the present motion after the amendment deadline. Plaintiff also appears to

20   concede that Rule 16 applies in his reply brief. (Doc. 51 at 1.)

21        Accordingly, the Court first addresses whether Plaintiff has demonstrated "good

22   cause" to modify the Scheduling Order. Fed. R. Civ. P. 16(b)(4). Under this standard,

23   "[a]lthough the existence or degree of prejudice to the party opposing the modification

24   might supply additional reasons to deny a motion, the focus of the inquiry is upon the

25   moving party's reasons for seeking modification." *Johnson*, 975 F.2d at 609. The primary

26   consideration is the "diligence of the party seeking the amendment." *Id*.

27        Plaintiff moves to amend because the First Amended Complaint "includes a claim

28   for intentional infliction of emotional distress that was erroneously plead by Plaintiff's

1   counsel." (Doc. 46 at 2.) Plaintiff states that he "has not suffered and does not contend that

2   he suffers from any severe emotional distress as a result of Defendant's conduct in

3   terminating his employment." (*Id*.) Plaintiff also asserts that the "mistake in the pleading"

4   was realized in connection with the pending discovery dispute, in which Defendant moves

5   for Plaintiff to submit to an independent psychological examination. (Doc. 45.) Plaintiff's

6   reply further specifies that the pleading error "was realized sometime after Plaintiff filed

7   discovery responses on November 23, 2020, as a result of discussion regarding the IIED

8   claim by the parties." (Doc. 51 at 3.)

9          The Court first notes that it is not persuaded by the cases on which Plaintiff relies.

10  For example, Plaintiff cites *Kormylo v. Forever Resorts, LLC*, No. 13CV511 JM WVG,

11  2015 WL 5944064, (S.D. Cal. Oct. 13, 2015), in which the court permitted a post-deadline

12  amendment where a party "only learned of the scope of [an] agency relationship after

13  engaging in voluminous discovery, which took place after the amendment cutoff date." *Id*.

14  at *4. The present matter is not like *Kormylo* because, as Plaintiff acknowledges, this case

15  is at the "beginning of discovery." (Doc. 51 at 2.) And where the *Kormylo* movant

16  discovered previously unknown facts, the only "discovery" Plaintiff has made here is that

17  the complaint includes an IIED claim that is "not supported by any evidence." (Doc. 46 at

18  2.) Similarly, Plaintiff cites to the proposition that "[i]f a party does not learn of information

19  necessary to amend its complaint until after the scheduling order deadline, no amount of

20  diligence would allow the party to seek amendment before the expiration of the deadline."

21  *Pinnacle Great Plains Operating Co., LLC v. Wynn Dewsnup Revocable Tr.*, No. 4:13-

22  CV-00106-EJL-CW, 2015 WL 759003, at *4 (D. Idaho Feb. 23, 2015) (citation omitted).

23  This is also not persuasive, as Plaintiff only "learned" of his own purported mistake.

24         The Court also agrees with Defendant that "Plaintiff could have anticipated the need

25  to amend earlier if he had exercised more diligence." *Marcotte v. Gen. Elec. Capital Servs.,*

26  *Inc.*, No. 08CV1766 BTM (WMC), 2009 WL 10671521, at *3 (S.D. Cal. Aug. 31, 2009).

27  Presumably the only diligence required was for Plaintiff, or Plaintiff's counsel, to review

28  the Complaint (or First Amended Complaint). Further, Plaintiff states that he discovered

1

2

3

4

5

the error "sometime . . . November 23, 2020." (Doc. 51 at 3.) Defendant asserts that in fact, counsel was corresponding regarding the IIED claim beginning on September 30, 2020. (Doc. 49 at 3.) The pending motion was filed on December 17, 2020. (Doc. 46.) Regardless of the exact date, Plaintiff likely also could have demonstrated more diligence by filing the motion sooner after discovering the error.

6

7

8

9

10

11

12

13

14

15

Nonetheless, the Court finds that there is good cause to amend the case schedule to permit Plaintiff to file a Second Amended Complaint. As noted, "the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson*, 975 F.2d at 609. Plaintiff asserts that the IIED claim is "not supported by any evidence" and that he "has not suffered and does not contend that he suffers from any severe emotional distress as a result of Defendant's conduct in terminating his employment." (Doc. 46 at 2.) This "is not a situation where Plaintiff seeks to amend to add claims which would be futile." *Flores v. Am. Home Equity Corp.*, No. 10-CV-00324-IEG(RBB), 2010 WL 2721275, at *2 (S.D. Cal. July 6, 2010). Instead, Plaintiff seeks only to *delete* a claim—and thereby to "narrow the issues for the Court." *Marcotte*, 2009 WL 10671521, at *3.

16

17

18

19

20

21

22

23

24

25

26

Further, although it is a secondary concern, "the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny" a motion to amend. *Johnson*, 975 F.2d at 609. The Court finds that amendment would not prejudice Defendant, as it would then have one less claim to defend, and because the fact discovery and dispositive motion deadlines in this case are not until May 14 and June 25, 2021, respectively. (Doc. 48 at 2.) *See Robinson v. Heritage Elementary Sch.*, No. CV-09-0541-PHX-LOA, 2010 WL 396307, at *1 (D. Ariz. Feb. 1, 2010) ("[T]he interests of justice, the absence of prejudice to Defendant, the fact there is no trial date, and discovery does not end until [six months later] dictate that Plaintiff be permitted to file a Second Amended Complaint."). For all of these reasons, Plaintiff has demonstrated good cause to extend the deadline to amend his complaint.

27

**II.**

28

Having shown good cause under Rule 16, Plaintiff must also demonstrate that

1   amendment is proper under Rule 15. *Johnson*, 975 F.2d at 608. Rule 15(a)(2) allows a party

2   to amend a pleading with the court's leave and directs courts to "freely give leave when

3   justice so requires." Fed. R. Civ. P. 15(a)(2). *See also Coleman v. Quaker Oats Co.*, 232

4   F.3d 1271, 1294 (9th Cir. 2000) (Rule 15(a) "liberally allows for amendments to

5   pleadings"). Factors to be considered under Rule 15(a)(2) include the "presence or absence

6   of delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous

7   amendments, undue prejudice to the opposing party and futility of the proposed

8   amendment." *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

9           As noted, although there was delay, such delay was not undue, particularly given

10   the time remaining before the discovery and dispositive motion deadlines. Plaintiff has

11   previously amended the complaint once, so there is also not a "repeated" failure to cure

12   deficiencies. As to the remaining factors, Defendant asserts that Plaintiff likely "has

13   improper motives to avoid relevant discovery and seeks to prejudice Defendant's attempts

14   to defendant [sic] against his claims." (Doc. 49 at 6.) As noted, the Court cannot conceive

15   that the deletion of a claim could prejudice Defendant. And while the Court is aware that

16   Plaintiff seeks to avoid subjection to an independent psychological examination, the Court

17   does not find this to be "bad faith" or a "dilatory motive," and will take Plaintiff at his word

18   that the IIED claim "is not supported by any evidence" at this time. (Doc. 46 at 2.)

19           Lastly, the Court notes that the parties ultimately want the same thing. In addition

20   to objecting to Plaintiff's motion to amend, Defendant moves to dismiss the IIED claim

21   with prejudice pursuant to Rule 41(b). (Doc. 49 at 6.) Defendant "requests dismissal under

22   Rule 41(b), as opposed to permissive amendment, so that prejudice may attach to prevent

23   Plaintiff from later reasserting the claim in this or other litigation." (*Id.* at 7.) Both parties

24   therefore seek to remove the IIED claim from this case. Nonetheless, as Plaintiff notes,

25   dismissal pursuant to Rule 41 is "not necessary" as he could only reassert the IIED claim

26   through future amendment with the Court's leave. (Doc. 51 at 8.) *See also* Fed. R. Civ. P.

27   15(a)(2) (requiring "the opposing party's written consent or the court's leave" to amend a

28   pleading more than once). The Court finds that granting Plaintiff's motion to amend, rather

than dismissing the claim pursuant to Rule 41, is appropriate at this time. Should Plaintiff move to reassert the claim through amendment in the future, the Court will be mindful of Plaintiff's assertions in the present motion. The Court will grant Plaintiff's motion to amend.

### III.

The parties have submitted a Joint Notice of Discovery Dispute regarding whether Plaintiff must submit to an independent psychological examination. (Doc. 45.) Defendant largely relies on Plaintiff's IIED claim. In light of the Court's present ruling, Defendant will be required to notify the Court whether it intends to pursue the discovery dispute at this time and its justification for doing so, if relevant.

### IV.

Accordingly,

**IT IS ORDERED granting** Plaintiff's Motion to Amend the First Amended Complaint (Doc. 46). The Clerk of the Court shall file the Second Amended Complaint (currently lodged at Doc. 47) on the public docket.

**IT IS FURTHER ORDERED denying** Defendant's Motion for Dismissal of Claim with Prejudice Pursuant to Rule 41(b) (part of Docs. 49, 50).

**IT IS FINALLY ORDERED** that Defendant shall, no later than **January 8, 2020**, file a notice not to exceed three pages indicating whether it intends to pursue the discovery dispute at Doc. 45, and, if so, its legal justifications in light of the present Order.

Dated this 31st day of December, 2020.

Michael T. Liburdi
United States District Judge